■ In the Matter of PETER A. CORNELL, Petitioner, v HERBERT B. EVANS, as Chief Administrative Judge, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent Chief Administrative Judge placing petitioner on an involuntary leave of absence without pay. As a confidential attendant in the New York State Court of Claims, petitioner's duties consisted of meeting the various needs of the court both within and without the courtroom. Accordingly, he was expected to serve variously as a security guard, receptionist, clerk and personal attendant to individual Judges and the court in general. Because of an employment history marked by episodes of uncommon behavior, he was eventually assigned to perform only clerical functions. After an unsuccessful effort to terminate his services, petitioner was directed, pursuant to 22 NYCRR 25.29, to submit to a psychiatric examination. That examination revealed him to be suffering from a paranoid personality disorder which impaired his ability to adequately perform his duties in an appropriate manner. Petitioner challenged the assistant chief administrator's decision ordering him on a medical leave of absence without pay and a full evidentiary hearing on the question of his future was then conducted. The hearing officer concluded that petitioner's personality disorder rendered him unfit to serve as a confidential attendant and recommended that the assistant chief administrator's decision be upheld, and when the chief administrator acquiesced, this proceeding followed. By May, 1981, during the pendency of the proceeding, petitioner's medical condition had sufficiently improved to enable him to be reinstated and resume service. The hearing officer had before him psychiatric evidence establishing petitioner's disability, as well as testimony from petitioner's supervisor chronicling aberrant job behavior. There is, therefore, substantial evidence supporting the determination. Artful, but unpersuasive, is petitioner's contention that the finding of disability was improper because no proof was introduced demonstrating that he could not function as a photocopy operator, the position to which he had been essentially demoted. Notwithstanding his actual duties, petitioner still officially occupied the berth of confidential attendant, but was assigned to work as a photocopy operator only because he was incapable then of satisfactorily performing the broad range of duties customarily required of such attendants. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Weiss, JJ., concur.